# EXHIBIT 3

STATE OF NORTH CAROLINA

WAKE COUNTY

**Common Cause;** *et al*

          **Plaintiffs,**

   v.

**Representative David R. Lewis, in his official capacity as senior chairman of the House Select Committee on Redistricting,** *et al*

          **Defendants.**

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 014001

GEOGRAPHIC STRATEGIES LLC'S
MOTION FOR LEAVE TO REQUEST
AN ORDER OF PROTECTION, AND IN
THE ALTERNATIVE, TO INTERVENE
UNDER RULES 45 AND/OR 24

      Geographic Strategies LLC ("Geographic Strategies") moves for leave to request an order of protection under Rule 45 or, in the alternative, to intervene for a limited purpose under Rule 24 of the North Carolina Rules of Civil Procedure. Geographic Strategies, a South Carolina LLC created to assist clients in redistricting work, is the true owner of a substantial portion of electronic files produced by Stephanie Hofeller ("Hofeller Files") pursuant to a subpoena issued under the authority of this court. As explained more fully in its separate substantive motion, attached hereto as Exhibit A, Geographic Strategies requests that the Court designate all of the Hofeller Files as Highly Confidential under the parties' existing Consent Protective Order.

      *First*, Geographic Strategies moves for leave to make a limited appearance and file its request for an order of protection for its confidential and privileged business documents contained in the Hofeller Files. As the rightful owner of this information, Geographic Strategies requests that the Court allow it to protect its legitimate business interests in maintaining confidentiality by seeking to have those documents designated as Highly Confidential, among other relief.

      Geographic Strategies request is authorized under Rule 45 of the North Carolina Rules of Civil Procedure. Rule 45 provides:

> When a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, a court may, to protect a person subject to *or affected by* the subpoena, quash or modify the subpoena, or when the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship, the court may order a person to make an appearance or produce the materials only on specified conditions stated in the order. N.C.G.A. § 1A-1, Rule 45(c)(7) (emphasis added).

Geographic Strategies—as the rightful owner of confidential and privileged documents in the Hofeller Files—is "affected by" the subpoena and thus seeks leave to file a motion to protect that interest. Importantly, Geographic Strategies was not served with a copy of the subpoena issued to Ms. Hofeller, and it was not afforded the opportunity to review the files for trade secrets, confidentiality, or privilege before they were handed over to the Plaintiffs.

*Second*, and in the alternative, Geographic Strategies moves to intervene for the limited purpose of filing a motion to designate the Hofeller Files as Highly Confidential under Rule 24 of the North Carolina Rules of Civil Procedure. Rule 24 grants intervention as a matter of right where a party "claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest," unless the interest is already adequately represented. N.C.G.A. § 1A-1, Rule 24(a). Geographic Strategies' intervention is timely, will allow it to protect its legitimate business interest in maintaining the confidentiality of its business documents, and will cause no prejudice. Geographic Strategies is uniquely qualified to advocate for this interest in a way the current parties are not because it is the sole owner of a substantial portion of the Hofeller Files.[1] No other party to this litigation can or will represent the interest of Geographic Strategies if leave is not granted.

---

[1] Though it should not be necessary here, to the extent this Court requires Geographic Strategies to file a proposed answer as part of its Rule 24 application, Geographic Strategies hereby adopts the answer of the Legislative Defendants.

For these reasons, Geographic Strategies should be granted leave, intervention as a matter of right, or intervention in the Court's discretion.  Its substantive motion contained in Exhibit A (along with the form Order contained in Exhibit B) should be deemed filed, and argument should be calendared simultaneously with Plaintiffs' recently filed "Motion for Direction."

Respectfully submitted,

Dated: June 15, 2019

Robert Neal Hunter, Jr.
NC State Bar No. 5679
HIGGINS BENJAMIN, PLLC
101 W. Friendly Ave., Suite 500
Greensboro, North Carolina 27401
Email: rnhunterjr@greensborolaw.com
Telephone: (336) 273-1600
Facsimile:    (336) 274-4650

*Counsel for Geographic Strategies*

# EXHIBIT A

STATE OF NORTH CAROLINA

WAKE COUNTY

**Common Cause; *et al***

                **Plaintiffs,**

    v.

**Representative David R. Lewis, in his
official capacity as senior chairman of the
House Select Committee on Redistricting,
*et al***

             **Defendants.**

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 014001

GEOGRAPHIC STRATEGIES LLC'S
MOTION TO DESIGNATE ITS
MATERIALS AS HIGHLY
CONFIDENTIAL UNDER THE
PROTECTIVE ORDER AND TO
COMPEL PRODUCTION

Geographic Strategies LLC ("Geographic Strategies"), a South Carolina LLC created to assist clients in redistricting work, is the custodian and true owner of many highly confidential and privileged electronic files produced without its review and consent by Stephanie Hofeller pursuant to a subpoena issued under the authority of this court. It now comes before the Court to request: (1) all documents produced in response to the subpoena to Ms. Hofeller be designated as "Highly Confidential" under the existing Protective Order ("Hofeller Files"); (2) Plaintiffs produce a complete copy of the Hofeller Files; and (3) Plaintiffs identify each person and entity to whom the Hofeller Files were shared consistent with the Highly Confidential designation.

A substantial portion of the Hofeller Files are the property of Geographic Strategies and resided on Geographic Strategies' computer, or on backup drives made of that computer. *See* Ex. 1, Affidavit of Dalton Lamar Oldham ("Oldham Aff.") ¶¶ 7-9. Ms. Hofeller's late father, Dr. Thomas Hofeller, used Geographic Strategies' computer to create and store them and kept backup drives. *See id.* These backup drives and files were obtained from the frail widow of Dr. Hofeller, who lacked authority to provide them to Ms. Hofeller. *See id.*

Geographic Strategies' files are plainly "Highly Confidential" under the Consent Protective Order in this case. Those files contain research and analysis that Geographic Strategies performed for its clients. *See id.* ¶¶ 3-5. In addition, the documents reveal Geographic Strategies' proprietary methods for analyzing and constructing redistricting maps that the company considers its trade secrets. *See id.* ¶¶ 5, 9-10. Press reports and representations made by the parties to this litigation indicate that the vast majority of these documents have nothing to do with North Carolina or this litigation. *See id.* ¶ 10.

To protect the confidentiality of its business records, Geographic Strategies seeks initially to designate the entirety of the Hofeller Files as Highly Confidential under the Protective Order. The designation, if given promptly, would prohibit the Plaintiffs and those in privity with them from continuing to publish Geographic Strategies' confidential trade secrets to the world through leaking this data to the media.

In addition, because Geographic Strategies provided consulting and expert witness services in redistricting litigation, *see id.* ¶ 3, many of its files are protected by various evidentiary privileges, particularly attorney work product. Geographic Strategies has a substantial interest in reviewing and protecting those files on behalf of its clients. The designation of the Hofeller Files as Highly Confidential would effectuate a stay of any further public disclosure of the documents and allow Geographic Strategies to conduct an orderly privilege review of the numerous files—most of which are entirely unrelated to the case— without delaying trial.

Geographic Strategies' approach respects Plaintiffs' position that they may need some of the documents at trial in this matter and is appropriately measured such that it will not disrupt the Court's schedule or cause Plaintiffs any prejudice. Plaintiffs will still be able to use all relevant,

2

non-privileged, otherwise admissible documents at trial.  And if there is a dispute about the confidentiality or privilege designation of a specific document that Plaintiffs wish to use at trial, that dispute can be adjudicated at the time through the ordinary process for objecting to trial exhibits.

It is regrettable that this motion is needed.  Geographic Strategies understands that the Legislative Defendants sought to designate the Hofeller Files as Highly Confidential under the Protective Order, and Plaintiffs should have complied with that reasonable request.  Instead, Plaintiffs have chosen to elevate form over substance—arguing that only the "Producing Party" may designate records under the Protective Order—and to burden the Court with this dispute.

Plaintiffs' motives for refusing to designate these clearly confidential materials under the Protective Order are clear.  Once designated, the records may be used "solely in connection with *this litigation*, and not for any political, business, commercial, competitive, personal, governmental, or other purpose or function whatsoever."  Protective Order ¶ 3 (emphasis added). As Plaintiffs make clear in their motion, they seek to do exactly that, having already disclosed certain files that have nothing to do with this case to the media and in unrelated litigation.

Finally, even if Plaintiffs are correct that the existing Protective Order allows only the "Producing Party" to designate documents, Geographic Strategies—the rightful owner of a substantial portion of the Hofeller Files, *see* Oldham Aff. ¶ 9—should be deemed the Producing Party, or the Protective Order should simply be amended to specifically designate the Hofeller Files as Highly Confidential and to allow real parties in interest the right to designate documents under the order.

## BACKGROUND

Geographic Strategies uses its own specialized and proprietary methods, analyzing redistricting plans in order to appropriately advise and counsel its clients. *See* Oldham Aff. ¶¶ 5, 9. It also offers consulting and expert services to attorneys so that they may provide appropriate, strategic legal advice to stakeholders involved in the redistricting process and/or litigation. *Id.* ¶ 3; *see also id.* ¶ 6. It routinely consults with clients about existing or anticipated litigation strategy and efforts, and often considers much of its work to be attorney work product. *See id.*

Dr. Hofeller was a co-founder of Geographic Strategies, performing redistricting work for Geographic Strategies' Republican clients. *See* T. Hofeller Dep. Tr. at 12:2-13:25. Based on media reports and information contained in Plaintiffs' filings in this court, it appears that Dr. Hofeller's pattern and practice in the ordinary course of business was to retain copies of almost all of his substantive work for Geographic Strategies, including complete backups of his Geographic Strategies' laptop. *See, e.g.*, Mark Joseph Stern, *The New Trove of Secret Gerrymandering Files Will Be a Nightmare for the GOP*, SLATE (May 31, 2019), https://slate.com/news-and-politics/2019/05/thomas-hofeller-secret-gerrymandering-files-north-carolina.html (referring to a "trove" of "8 thumb drives and four hard drives containing more than 75,000 files."); Oldham Aff. ¶¶ 3-4, 7-9. A substantial portion of the information in the Hofeller Files belongs to Geographic Strategies and contain its clients' confidential information. *See id.* Nearly all of that information is unrelated to this litigation. *See id.* ¶ 10.

When Dr. Hofeller died on August 18, 2018, Geographic Strategies' computer, various files, and numerous backups in Dr. Hofeller's possession belonged to the LLC and to its clients. *See id.* ¶¶ 2, 8. Simultaneously, Dr. Hofeller's membership interest in the LLC, and any claim to its property, reverted to the surviving members of the entity. *See id.* Neither Mrs. Hofeller, Mr.

Hofeller's estate (to the extent one was established), nor Ms. Hofeller acquired ownership over the LLC's documents. *See id.* And for its part, the LLC was never served the subpoena, was never provided the opportunity to undertake a review, and never consented to the production of its documents. *See id.* ¶ 11.

Geographic Strategies understands that on June 6, 2019, Plaintiffs filed a document with this Court styled as a "motion for direction." The motion indicated that Plaintiffs were refusing to the treat the Hofeller Files as Highly Confidential under the Court's Protective Order. To protect the confidentiality of its business records and to preserve likely privilege and work product protections its clients may have, Geographic Strategies has moved for leave to seek a protective order and, alternatively, to intervene in this case and file this motion to designate the entirety of the Hofeller Files as Highly Confidential under the Protective Order.

## ARGUMENT

### I. THE HOFELLER FILES SHOULD BE DESIGNATED HIGHLY CONFIDENTIAL UNDER THE EXISTING PROTECTIVE ORDER.

#### A. Geographic Strategies' Business Records Qualify as Highly Confidential Under the Existing Protective Order.

The Court's existing Protective Order allows for the designation of information produced in this litigation as Highly Confidential. Protective Order ¶ 3. Highly Confidential information is defined under the Protective Order as information that a party "reasonably and in good faith believes to be extremely sensitive, confidential, and/or proprietary information, disclosure of which to a party or another non-party would create a substantial risk of significant competitive or business injury." *Id.*[1]

---

[1] Such information may be disclosed "only to outside attorneys" and "shall be used by the Parties solely in connection with this litigation, and not for any political, business, commercial, competitive, personal, governmental, or other purpose or function whatsoever." Protective Order ¶ 3.

Geographic Strategies' business records clearly meet this standard. The files at issue contain confidential research and analysis that Geographic Strategies performed for its clients. Oldham Aff. ¶¶ 3-4, 8-9. And courts have routinely recognized that confidentiality in this context should be respected. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (holding protective order appropriate for documents deemed confidential by private contractual counterparties); *Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery*, No. 5:09-CV-326-BR, 2010 WL 11565920, at *1–*3 (E.D.N.C. Jan. 20, 2010) (granting protective order for "private agreements between Defendant" and various non-parties and "other information related to Defendant's . . . customers").

In addition, allowing Geographic Strategies' documents to become public would reveal Geographic Strategies' proprietary methods of analysis which the company considers its trade secrets. Oldham Aff. ¶¶ 3-5, 7-9. Notwithstanding Dr. Hofeller's unfortunate passing, Geographic Strategies' redistricting work continues, and its confidential methods give Geographic Strategies a competitive advantage over other firms providing redistricting expertise. *See id.* Thus, Geographic Strategies would suffer irreparable harm if this information ever became public. *See id.* Indeed, these are precisely the types of concerns that justified entry of a Protective Order in this case. And this is exactly the sort of information that the North Carolina legislature envisioned courts protecting from disclosure. *See* N.C.G.A. § 1A-1, Rule 26(c) (authorizing entry of protective orders to prevent disclosure of "trade secret or other confidential research, development, or commercial information"). For similar reasons, courts generally refuse "to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citing *Schmedding v. May*, 85 Mich. 1, 5-6, 48 N.W. 201, 202 (1891)); *Duke Energy Progress,*

*Inc. v. Alcan Aluminum Corp.*, No. 5:08-CV-460-FL, 2015 WL 1058229, at *2–*3 (E.D.N.C. Mar. 11, 2015) (creating new designation under protective order in order to apply "CONFIDENTIAL – ATTORNEY'S EYES ONLY" protections to "proprietary and commercially valuable documents available only from [the party] for a fee"). The need for confidentiality protection is *especially* important under the present circumstances, where the confidential documents belong to a non-party and were produced by an interloper—Ms. Hofeller—who obtained the documents and produced them without the consent of Geographic Strategies.[2] *See* Oldham Aff. ¶¶ 2, 8.

Finally, because Geographic Strategies performs work to assist its clients in litigation, there is a substantial likelihood that the Hofeller Files contain information protected by the attorney-client privilege, work-product immunity, and the discovery protections available for draft expert reports and reports from experts not to be called at trial, including Rule 26 of the North Carolina Rules of Civil Procedure. *See id.* ¶¶ 3-4, 9; *see also id.* ¶ 6. These are exactly the types of documents that Dr. Hofeller would have created and/or possessed, *see id.*, and, in the ordinary course of business, would have stored on his Geographic Strategies computer and other storage devices. *See id.* ¶¶ 2-5, 8. Even though Geographic Strategies has not yet reviewed the Hofeller Files directly,[3] Geographic Strategies has a "substantial interest" in the "authority to

---

[2] Geographic Strategies' position does not depend upon any finding of wrongdoing by Ms. Hofeller, but her disclosure of confidential trade secrets and conversion of Geographic Strategies' business records is deeply troubling to Geographic Strategies and may give rise to claims by the company against her.

[3] It is anticipated that Plaintiffs will respond that Geographic Strategies has not identified particular documents that constitute confidential trade secrets, privileged communications, or work product. Such an argument borders on the frivolous. Geographic Strategies does not have access to the documents because they were taken from the company and handed over to the Plaintiffs without consent. Had Ms. Hofeller broken into the Geographic Strategies offices and stolen its documents to deliver to Plaintiffs, no court would entertain an objection that the company could not specifically identify the precise documents that were stolen. This situation is

ascertain—in the first instance—whether or not to apply the privilege." *Local 295/Local 851 IBT Employer Grp. Pension Tr. & Welfare Funds v. Fifth Third Bancorp*, No. 1:08CV00421, 2012 WL 346658, at *3 (S.D. Ohio Feb. 2, 2012), *report and recommendation adopted*, No. 1:08-CV-421, 2012 WL 639579 (S.D. Ohio Feb. 28, 2012) ("Plaintiffs argue that the Federal Reserve's interest in the withheld documents is merely hypothetical, not substantial, because the Federal Reserve has yet to see and evaluate the withheld documents. This contention misses the mark.").[4] Of course, Geographic Strategies cannot waive these privileges, which belong to its clients—clients who are not before this Court and therefore are not in a position to assert and protect their rights—but feels compelled to intervene to protect them.[5]

---

no different. *Cf. FMC Corp. v. Capital Cities/ABC, Inc.*, 915 F.2d 300, 303–06 (7th Cir. 1990) (finding party in possession of stolen business documents that it obtained through a third party and refused to return liable for conversion and noting that "[b]ecause neither [the plaintiff], the district court nor this court had or has any way of knowing exactly what documents [the defendant] possesses, we believe the burden should be on [the defendant], and not [the plaintiff], to come forward with evidence that it does not have the originals of the documents pilfered from FMC's files").

[4] Similarly, much of the work Geographic Strategies performs for its clients is protected by the same First Amendment privilege Plaintiffs have asserted to justify withholding documents in this case. *See* Pls' Opp. to Mot. to Compel Documents from Democratic Party at 11-13.

[5] It is for this reason that Geographic Strategies is moving to compel full production of the Hofeller Files. Geographic Strategies will engage Plaintiffs in a meet-and-confer process once it has regained access to the documents and had the chance to review them with respect to any clawback procedure. This process will not delay trial since it is doubtful that Geographic Strategies owns any documents relevant to this case, if that is not the case Geographic Strategies can also object to the inclusion of any relevant privileged documents on Plaintiffs' ultimate trial exhibit list. In the interim, Geographic Strategies fully expects that Plaintiffs will—consistent with their ethical obligations—avoid review of any documents bearing indicia of privilege or work product. *See* NC Eth. Op. RPC 252 (N.C. St. Bar), 1997 WL 331719, at *1 ("From the cover letter, it could be readily ascertained that the accompanying materials were subject to the attorney-client privilege or otherwise confidential and were sent to Attorney C inadvertently. Upon realizing that the materials were not intended for his eyes, Attorney C should have (1) refrained from reviewing the file materials, (2) notified the opposing counsel of their receipt, and (3) followed opposing counsel's instructions as to the disposition of such materials.").

**B.     The Court Should Designate the Entirety of the Hofeller Files as Highly
Confidential Under the Existing Protective Oder.**

To ensure that Geographic Strategies' business records are kept confidential, the entirety

of the Hofeller Files should be designated Highly Confidential.[6]  Designating the Hofeller Files

in their entirety is the only relief that will protect Geographic Strategies' strong interest in

maintaining the confidentiality of its business records.

Any alternative is simply unworkable.     Plaintiffs proposed that the Legislative

Defendants "identify each . . . file" containing confidential information, and they agreed only to

"consider joining in a motion asking the Court to designate such files as Confidential." Mot. For

Direction, Ex C at 2-3.  To put that proposal in perspective, there are apparently over 76,000

documents in the Hofeller Files and trial is six weeks away.  There is simply insufficient time for

Geographic Strategies to review each of these files, to meet and confer with Plaintiffs over the

designations, and to have this Court resolve the designations concerning up to 76,000 individual

files, all before trial.

Nor is there any need for this Court or the parties before it to engage in such an arduous

and voluminous document-by-document review process.  That process alone would not preserve

confidentiality, privilege, and other protections without an immediate designation to preserve the

status quo.  Plaintiffs have made clear their intent to distribute these documents widely.  Mot.

For Direction at 3-4.  And they have refused to stand down from such tactics while the

documents can be methodicly reviewed.  Dr. Hofeller worked on hundreds of redistricting

issues for various clients, so the vast majority of the documents in the Hofeller Files are

---

[6] The vast majority of the files are confidential work files.  Out of the 76,000 files produced by
Stephanie Hofeller pursuant to Plaintiffs' subpoena, Plaintiffs only identified 1,001 files that
appeared to contain personal information.  Reply in Supp. of Mot. for Clarification. The Court
has already recognized that this information should be treated as Highly Confidential under the
Protective Order.  May 1, 2019 Order re Motion for Clarification at 8.

9

irrelevant to the North Carolina redistricting plan at issue here.[7]  *See* Oldham Aff. ¶ 10.  There is thus no need for the parties to debate—and this Court to adjudicate—the confidentiality of thousands of individuals files that are irrelevant and will never be used in connection with this case.  Moreover, designating all of the documents as Highly Confidential now obviates the need for scores of clients to intervene separately in this action to object to the distribution of their confidential documents, and destruction of their privilege, a process that could take months in itself.

By contrast, granting Geographic Strategies' request to designate the entirety of the Hofeller Files Highly Confidential under the Protective Order would simply preserve the status quo confidentiality of the records.  This would allow the parties time to address the documents through an orderly procedure, avoiding the circus that would result from trying to address the confidentiality of 76,000 files all at once.  Designating the documents Highly Confidential would not disrupt the trial schedule or burden this court.  Nor would Plaintiffs suffer any prejudice by following this approach since they would still be able to use all relevant non-privileged documents at trial, subject to the normal process for objections.  If there were a dispute about a specific document Plaintiffs wish to use at trial, the dispute—including any clawback requirement for privilege/work product—could be adjudicated concurrently with other exhibit objections, which would be necessary even under Plaintiffs' preferred approach.  *See* Mot. For Direction at 9 ("If Legislative Defendants believe there are grounds for preventing or limiting

---

[7] Indeed, the substantive core of Plaintiffs' subpoena sought documents "concerning the redistricting of the North Carolina State Senate and State House in 2011 and 2017," presumably because Plaintiffs recognized those are the only materials relevant to this case.  Mot. For Clarification, Ex. A.  Had Plaintiffs limited their request to that core, much of this discussion would have been avoided.

introduction of evidence in the Hofeller Files at trial, they should file a motion *in limine* or an objection when the evidence is introduced.").

Plaintiffs' lament that addressing the confidentiality of the subpoenaed Hofeller Files has "diverted Plaintiffs' time and resources away from the steep demands of preparing for the upcoming trial" rings hollow for several reasons. *See* Mot. For Direction at 13. First, the problem is of Plaintiffs' own making. Instead of serving a narrowly tailored subpoena limited to the information concerning the North Carolina redistricting, Plaintiffs specifically chose to demand all "storage devices" containing such information. Mot. for Clarification, Ex. A. They did so apparently in consultation with Ms. Hofeller and with full knowledge of what they would receive. Reply in Supp. of Mot. for Clarification; S. Hofeller Dep. Tr. at 31:24-36:4, 126:11-128:21. This practically ensured they would receive a raft of irrelevant and confidential materials. *See* Oldham Aff. ⁋ 10. Having used the subpoena power of this Court to obtain Geographic Strategies' highly confidential business records, Plaintiffs have a concomitant duty to handle the information appropriately and to respect the non-party rights of Geographic Strategies and its clients by keeping the information confidential.

Second, in obtaining the Hofeller Files from Ms. Hofeller, Plaintiffs' counsel represented to her that the review and use of any documents she produced would be limited to documents relevant to the North Carolina redistricting:

> Ms. Hofeller:....I wouldn't expect to see a lot of personal data suddenly appearing in this matter because their understanding of the directive to them was that only files that were explicitly, obviously North Carolina redistricting during this period of time related would even be looked at, much less introduced into evidence. That was their understanding at the time.
>
> Q: And when you say that was their understanding—

> Ms. Hofeller: That's what [Plaintiffs' counsel] told me their
> understanding was.

S. Hofeller Dep. Tr. at 129:1-13. Plaintiffs should be held to these representations, which they made to a non-party in order to obtain the Hofeller Files and the Geographic Strategies documents that are included within them.

Third, when it came to the personal health and tax records found in the Hofeller Files, Plaintiffs recognized that the need to protect non-party interests in the confidentiality of the produced records was paramount. Plaintiffs argued that "[s]uch materials plainly are irrelevant to the merits of this lawsuit, and Plaintiffs do not believe it is in the interest of any party to copy and further disseminate such information." Mot. for Clarification at 5. Plaintiffs also recognized that there "would be no prejudice to defendants from adhering to [a] process" for filtering out irrelevant information. *Id.* Plaintiffs should not be permitted to jettison the principles for which they so recently advocated just because they have now perused Geographic Strategies' confidential business records and found documents not relevant to this litigation that they would like to disclose.

Finally, there can be no serious question that Plaintiffs' resistance to designating these plainly confidential—and mostly irrelevant—materials under the Protective Order is driven by a desire to review and unilaterally release Geographic Strategies' confidential business records to the public. As Plaintiffs admit in their most recent motion, when "Plaintiffs' counsel recently realized that several of the files were also relevant to another pending lawsuit in which Plaintiffs' same counsel from Arnold & Porter are representing different plaintiffs," they unilaterally "disclosed this evidence" by filing it on the public docket in the Southern District of New York. Mot. for Direction at 3-4. Plaintiffs should not be permitted to arrogate to themselves the power to decide which of Geographic Strategies' confidential business records are made public—

business records that were obtained from an individual who did not own them and are subject to existing confidentiality obligations. *See In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 392–93, 404, 424–25 (E.D.N.Y. 2007), *judgment entered sub nom. In re Zyprexa Litig.*, No. 07-CV-0504, 2007 WL 669797 (E.D.N.Y. Mar. 1, 2007), and *aff'd sub nom. Eli Lilly & Co. v. Gottstein*, 617 F.3d 186 (2d Cir. 2010) (enjoining dissemination of confidential business documents disclosed after a lawyer issued a subpoena for "documents [the lawyer] knew to be under the protective order which bore no relevance to the [litigation in which the subpoena was issued]"). Bringing the entirety of the Hofeller Files within the scope of the Protective Order is the only process that will preserve the status quo, protect the confidentiality of Geographic Strategies' business records, maintain privilege, and maintain the current trial schedule without burdening the Court with a multitude of needless disputes over the disposition of irrelevant documents.

## II. IN THE ALTERNATIVE, GEOGRAPHIC STRATEGIES SHOULD BE DECLARED THE "PRODUCING PARTY" OR THE PROTECTIVE ORDER SHOULD BE AMENDED TO ALLOW THE HOFELLER FILES TO BE DESIGNATED AS HIGHLY CONFIDENTIAL.

Plaintiffs argue that only the "Producing Party" can designate documents under the Protective Order. That position is tenuous. The terms of the Protective Order are "applicable to information produced by a non-Party in the litigation and designated as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY'," but the order does not specify who may designate such material. Protective Order ¶ 13. It is logical that all parties in the litigation would have the ability to designate material obtained from non-parties.

Thus, consistent with this common-sense reading of the Protective Order, Plaintiffs themselves proposed to designate any sensitive personal information in the Hofeller Files as Confidential under the Protective Order, even though they were the party that received that information from Stephanie Hofeller. Mot. for Clarification at 3, Ex. B at 11. The Court similarly recognized that Plaintiffs had the "ability to designate any files or folders they consider

13

private as 'HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY'" before providing the Hofeller Files to defendants. *See* May 1, 2019 Order re Motion for Clarification at 6.

The Court, however, does not need to resolve this interpretive dispute. If there is any ambiguity in whether a non-producing party can designate documents under the Protective Order, the answer is not to grant Plaintiffs the unilateral right to decide which of Geographic Strategies' confidential business records should made public, as Plaintiffs seem to suggest. Rather, because Geographic Strategies is the rightful owner of proprietary documents within the Hofeller Files, the Court should simply declare Geographic Strategies to be the Producing Party.

Alternatively, the Protective Order should be amended to designate the Hofeller Files Highly Confidential and to allow any interested party or non-party to designate materials, regardless of whether they are the "Producing Party." *See SmithKline Beecham Corp. v. Synthon Pharm., Ltd.*, 210 F.R.D. 163 (M.D.N.C. 2002) ("Courts have the inherent power to modify protective orders, including protective orders arising from a stipulation by the parties.") (collecting cases).

## CONCLUSION

For the reasons above, the court should designate the Hofeller Files as Highly Confidential under the Protective Order. In the alternative, this Court should declare Geographic Strategies to be the Producing Party or otherwise amend the Protective Order to allow parties and non-parties to designate documents under the Protective Order, regardless of whether they are a producing or receiving party, and order that the Hofeller Files be designated Highly Confidential under the amended Protective Order. The Court should also compel production of the Hofeller Files in their entirety to Geographic Strategies, and to ensure that anyone to whom the Hofeller

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing upon all parties to this matter by

placing a copy in the United States Mail, First Class, postage prepared and addressed as follows:

Edwin M. Speas, Jr.
Caroline P. Mackie
Poyner Spruill LLP
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601
espeas@poynerspruill.com
cmackie@poynerspruill.com
*Counsel for Common Cause, the North Carolina Democratic Party, and the Individual Plaintiffs*

R. Stanton Jones
David P. Gersch
Elisabeth S. Theodore
Daniel F. Jacobson
Arnold and Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
stanton.jones@arnoldporter.com
david.gersch@arnoldporter.com
elisabeth.theodore@arnoldporter.com
daniel.jacobson@arnoldporter.com
*Counsel for Common Cause and the Individual Plaintiffs*

Marc E. Elias
Aria C. Branch
Abba Khanna
Perkins Coie LLP
700 13th Street, N.W.
Washington, D.C. 20005-3960
MElias@perkinscoie.com
ABranch@perkinscoie.com
AKhanna@perkinscoie.com
*Counsel for Common Cause and the Individual Plaintiffs*

Amar Majmundar
Stephanie A. Brennan
Paul M. Cox
NC Department of Justice
P.O. Box 629
114 W. Edenton St.
Raleigh, NC 27602

16

amajmundar@ncdoj.gov
sbrennan@ncdoj.gov
pcox@ncdoj.gov
*Counsel for the State Board of Elections and Ethics Enforcement and its members*

John E. Branch III
Andrew D. Brown
Nathaniel J. Pencook
H. Denton Worrell
Shanahan Law Group, PLLC
128 E. Hargett St., Suite 300
Raleigh, NC 27601
jbranch@shanahanlawgroup.com
abrown@shanahanlawgroup.com
dworrell@shanahanlawgroup.com
npencook@shanahanlawgroup.com
*Counsel for the Defendant-Intervenors*

Thomas A. Farr
Phillip J. Strach
Michael Mcknight
Alyssa Riggins
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Rd., Suite 1100
Raleigh, NC 27609
Thomas.farr@ogletree.com
Phillip.strach@ogletree.com
Michael.mcknight@ogletree.com
Alyssa.riggins@ogletree.com
*Counsel for Legislative Defendants*

E. Mark Braden
Richard B. Raile
Trevor M. Stanley
Elizabeth Scully
Katherine McKnight
Baker & Hostetler, LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036-5403
rraile@bakerlaw.com
mbraden@bakerlaw.com
tstanley@bakerlaw.com
escully@bakerlaw.com
kmcknight@bakerlaw.com
*Counsel for the Legislative Defendants*

Dated: June 15, 2019

17

Robert Neal Hunter, Jr.
NC State Bar No. 5679
HIGGINS BENJAMIN, PLLC
101 W. Friendly Ave., Suite 500
Greensboro, North Carolina 27401
Email:  rnhunterjr@greensborolaw.com
Telephone:  (336) 273-1600
Facsimile:   (336) 274-4650


*Counsel for Geographic Strategies*

# EXHIBIT 1

STATE OF NORTH CAROLINA

WAKE COUNTY

**Common Cause;** *et al*

        **Plaintiffs,**

       v.

**Representative David R. Lewis, in his
official capacity as senior chairman of the
House Select Committee on Redistricting,**
*et al*

        **Defendants.**

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 014001

AFFIDAVIT OF DALTON LAMAR
OLDHAM, ESQ.  IN SUPPORT OF
GEOGRAPHIC STRATEGIES LLC'S
MOTION TO DESIGNATE ITS
MATERIALS AS HIGHLY
CONFIDENTIAL UNDER THE
PROTECTIVE ORDER AND TO
COMPEL PRODUCTION

### AFFIDAVIT OF DALTON LAMAR OLDHAM

    The undersigned Affiant, having been duly sworn or affirmed, deposes and states that

Affiant is competent to give the testimony below.  Affiant makes the following statements of fact

from Affiant's personal knowledge, except as to statements specifically identified below as made

upon information and belief, which Affiant believes to be true and for which the source of

information and the basis for belief are stated.

    1.    My name is Dalton Lamar Oldham.  I am a resident of Lexington, South Carolina

and am an attorney licensed by the State of South Carolina in good standing.  My practice is in

the area of election law and I have a nationwide clientele of legislators, political parties,

organizations and candidates whom I represent and counsel.  I have worked with Dr. Thomas

Hofeller who has assisted me by providing demographic and expert witness services for me and

my clients at various times for over 25 years.

    2.    In 2011 Dr. Hofeller and I founded Geographic Strategies, LLC with me as the

President and Dr. Hofeller as Treasurer in order to more efficiently provide clients, to whom I

was providing legal counsel, demographic and expert services in connection with potential and

active redistricting litigation. As Treasurer Dr. Hofeller also kept the books of Geographic Strategies. Upon his death, pursuant to the terms of a mutual survivorship agreement, all of his rights, titles, and interests in this entity were transferred to me by operation of law. I am now the sole owner of Geographic Strategies

3.     I have provided legal counsel to numerous clients with Dr. Hofeller's assistance. Redistricting is a very fact intensive area of the law. Understanding how various and often conflicting federal and state legal principles intersect with the numerous and often counterintuitive demographic facts of a case are the key to accurate legal analysis. This cannot be accomplished without the assistance of a highly skilled Demographic expert. Dr. Hofeller provided that expertise under the auspices of Geographic Strategies. When Dr. Hofeller was working under the auspices of Geographic Strategies he was working under the control and direction of counsel as a consulting expert not to be called at trial. I consider nearly all of Dr. Hofeller's work and files for Geographic Strategies to be either attorney work-product or First Amendment privileged or both. Whatever materials are not privileged are certainly confidential and proprietary.

4.     During his time at Geographic Strategies Dr. Hofeller had access to numerous legal memos, Treatises, and legal advice, as well as other privileged materials, in order to assist him in his demographic work. He also had access to data which was privileged, confidential, and/or proprietary.

5.     Over the years of its existence, Geographic Strategies has developed its own specialized and proprietary methods of legal analysis of redistricting plans. I consider its methods and strategies to be sensitive, competitive trade secrets. If Geographic Strategies' documents were made public, it would expect to suffer competitive harm due to the exposure of

its confidential trade secrets to its competitors.

6.     Dr. Thomas Hofeller performed expert witness services as a political scientist in redistricting litigation, including as a plan drafter for many clients. When Dr. Hofeller worked in this manner he was hired individually by either the jurisdiction or counsel for the client engaged in the litigation. No expert witness work was done under the auspices of Geographic Strategies. I typically also represented the client for whom Dr. Hofeller worked as an expert witness but not always. All of this material would also be privileged and confidential.

7.     Upon information and belief, based on media reports and information contained in Plaintiffs' filings in this court, it appears that Dr. Hofeller's estate may have retained possession of copies of almost all of his substantive work for Geographic Strategies, including complete backups of his Geographic Strategies' laptop. *See, e.g.*, https://slate.com/news-and-politics/2019/05/thomas-hofeller-secret-gerrymandering-files-north-carolina.html (referring to "trove" of "8 thumb drives and four hard drives containing more than 75,000 files.").

8.     When Dr. Hofeller died on August 18, 2018, Geographic Strategies' computer, various files, and numerous backups in Dr. Hofeller's possession belonged to the LLC and to its clients. Simultaneously, Dr. Hofeller's membership interest in the LLC, and any claim to its property, reverted to the surviving member of the entity.

9.     Based on my personal knowledge of Geographic Strategies' computer files, it is likely that a substantial amount of the Hofeller Files contain Geographic Strategies' confidential trade secrets and business information, including communications with attorneys and clients concerning potential or existing litigation. Some of this information would be expected to include emails, letters, reports, commissioned studies, and draft expert reports, all created by or at the direction of attorneys in anticipation of, or in the course of, litigation or are covered by

First Amendment privilege.

      10.    Dr. Hofeller's files could and likely do contain hundreds of redistricting plans, emails, expert reports, commissioned studies for clients other than those concerned with the North Carolina redistricting case at issue in this case

      11.    Although I am informed attorneys for the Plaintiffs had issued a subpoena for Geographic Strategies, LLC. prior to this controversy, I have never been served with the subpoena to produce documents in this case, was never provided the opportunity to undertake a review, and never consented to the production any of its documents.

STATE OF SOUTH CAROLINA

COUNTY OF LEXINGTON

### VERIFICATION

DALTON LAMAR OLDHAM, being duly sworn, deposes and says:

That the contents of the foregoing affidavit are true to my own knowledge,

except as to matters stated on information and belief, and as to those matters

he believes them to be true.

DALTON LAMAR OLDHAM

Sworn and Subscribed before me,

_15_ day of June, 2019

Notary Public     Expire 5/19/2020

This the _15_ day of June, 2019

**EXHIBIT 2**

STATE OF NORTH CAROLINA

WAKE COUNTY

**Common Cause;** *et al*

              **Plaintiffs,**

    v.

**Representative David R. Lewis, in his official capacity as senior chairman of the House Select Committee on Redistricting,** *et al*

              **Defendants.**

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 014001

PROPOSED ORDER

WHEREFORE, the Court, for the reasons articulated in Geographic Strategies LLC's

MOTION TO APPEAR FOR THE LIMITED PURPOSE OF REQUESTING AN ORDER OF

PROTECTION, AND IN THE ALTERNATIVE, TO INTERVENE UNDER RULES 45

AND/OR 24, hereby GRANTS said motion and ORDERS that Geographic Strategies LLC is

permitted leave to request an order of protection. Accordingly, its Motion and Proposed Order,

which it attached as Exhibit A and B, are deemed filed.

SO ORDERED, this __ day of June, 2019.

_____
Paul C. Ridgeway, Superior Court Judge

_____
Joseph N. Crosswhite, Superior Court Judge

_____
Alma L. Hinton, Superior Court Judge

# EXHIBIT B

STATE OF NORTH CAROLINA

WAKE COUNTY

**Common Cause;** *et al*

               **Plaintiffs,**

    v.

**Representative David R. Lewis, in his
official capacity as senior chairman of the
House Select Committee on Redistricting,**
*et al*

              **Defendants.**

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 014001

PROPOSED ORDER

WHEREFORE, the Court, for the reasons articulated in GEOGRAPHIC STRATEGIES

LLC's MOTION TO DESIGNATE ITS MATERIALS AS HIGHLY CONFIDENTIAL UNDER

THE PROTECTIVE ORDER AND TO COMPEL PRODUCTION, hereby GRANTS said

motion and ORDERS as follows:

1. The files that Stephanie Hofeller produced to this Court pursuant to Plaintiff's

   February 13, 2019 subpoena are hereby designated HIGHLY

   CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY under the Protective

   Order in this case.

2. Plaintiffs are hereby ORDERED to produce all such files to Geographic Strategies

   LLC.

3. Plaintiffs are hereby ORDERED within 10 days to identify any and all individuals

   and entities to whom they disclosed any portion of the Hofeller Files, setting forth the

name and last known contact information for each, the date(s) of disclosure, and the

documents so disclosed.

SO ORDERED, this __ day of June, 2019.

_____

Paul C. Ridgeway, Superior Court Judge

_____

Joseph N. Crosswhite, Superior Court Judge

_____

Alma L. Hinton, Superior Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing upon all parties to this matter by

placing a copy in the United States Mail, First Class, postage prepared and addressed as follows:

Edwin M. Speas, Jr.
Caroline P. Mackie
Poyner Spruill LLP
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601
espeas@poynerspruill.com
cmackie@poynerspruill.com
*Counsel for Common Cause, the North Carolina Democratic Party, and the Individual Plaintiffs*

R. Stanton Jones
David P. Gersch
Elisabeth S. Theodore
Daniel F. Jacobson
Arnold and Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
stanton.jones@arnoldporter.com
david.gersch@arnoldporter.com
elisabeth.theodore@arnoldporter.com
daniel.jacobson@arnoldporter.com
*Counsel for Common Cause and the Individual Plaintiffs*

Marc E. Elias
Aria C. Branch
Abba Khanna
Perkins Coie LLP
700 13th Street, N.W.
Washington, D.C. 20005-3960
MElias@perkinscoie.com
ABranch@perkinscoie.com
AKhanna@perkinscoie.com
*Counsel for Common Cause and the Individual Plaintiffs*

Amar Majmundar
Stephanie A. Brennan
Paul M. Cox
NC Department of Justice
P.O. Box 629
114 W. Edenton St.
Raleigh, NC 27602

amajmundar@ncdoj.gov
sbrennan@ncdoj.gov
pcox@ncdoj.gov
*Counsel for the State Board of Elections and Ethics Enforcement and its members*

John E. Branch III
Andrew D. Brown
Nathaniel J. Pencook
H. Denton Worrell
Shanahan Law Group, PLLC
128 E. Hargett St., Suite 300
Raleigh, NC 27601
jbranch@shanahanlawgroup.com
abrown@shanahanlawgroup.com
dworrell@shanahanlawgroup.com
npencook@shanahanlawgroup.com
*Counsel for the Defendant-Intervenors*

Thomas A. Farr
Phillip J. Strach
Michael Mcknight
Alyssa Riggins
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Rd., Suite 1100
Raleigh, NC 27609
Thomas.farr@ogletree.com
Phillip.strach@ogletree.com
Michael.mcknight@ogletree.com
Alyssa.riggins@ogletree.com
*Counsel for Legislative Defendants*

E. Mark Braden
Richard B. Raile
Trevor M. Stanley
Elizabeth Scully
Katherine McKnight
Baker & Hostetler, LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036-5403
rraile@bakerlaw.com
mbraden@bakerlaw.com
tstanley@bakerlaw.com
escully@bakerlaw.com
kmcknight@bakerlaw.com
*Counsel for the Legislative Defendants*

11

Dated: June 15, 2019

Robert Neal Hunter, Jr.
NC State Bar No. 5679
HIGGINS BENJAMIN, PLLC
101 W. Friendly Ave., Suite 500
Greensboro, North Carolina 27401
Email:  rnhunterjr@greensborolaw.com
Telephone:  (336) 273-1600
Facsimile:    (336) 274-4650

*Counsel for Geographic Strategies*