# EXHIBIT 4

| | |
|---|---|
| STATE OF NORTH CAROLINA<br>WAKE COUNTY  2019 JUL 12 PM 3: 25<br>WAKE CO., C.S.C. | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>18 CVS 014001 |

FILED

COMMON CAUSE, *et al.*  )
        *Plaintiffs,*  )
                                 )
        v.                       )   ORDER ON GEOGRAPHIC
                                 )   STRATEGIES LLC'S MOTION
Representative DAVID R. LEWIS,  )   TO DESIGNATE HOFELLER
in his official capacity as Senior  )   FILES AS HIGHLY
Chairman of the House Select  )   CONFIDENTIAL AND TO
Committee on Redistricting, *et al.*,  )   COMPEL PRODUCTION
        *Defendants.*  )

    THIS MATTER comes before the undersigned three-judge panel upon Geographic Strategies LLC's Motion to Designate Its Materials as Highly Confidential Under the Protective Order and to Compel Production, filed June 15, 2019.

    Geographic Strategies LLC ("Geographic Strategies") asserts many of the documents produced in response to Plaintiffs' subpoena to Stephanie Hofeller (hereinafter the "Hofeller files") are in fact backup files of a computer it owns that contains its confidential and proprietary information. However, Plaintiffs, to date, have not provided Geographic Strategies access to the Hofeller files, and thus Geographic Strategies cannot identify which of the over 75,000 files it believes it owns. In order to protect its interest in this information, Geographic Strategies requests that (1) all Hofeller files be immediately designated as "Highly Confidential" under the parties' existing Consent Protective Order, (2) Plaintiffs produce a complete copy of the Hofeller files, and (3) Plaintiffs identify each person

1

and entity to whom the Hofeller files were shared. In the alternative, Geographic Strategies requests to be declared the "Producing Party" in accordance with the parties' existing Consent Protective Order, or to amend the Consent Protective Order to allow the Hofeller files to be designated "Highly Confidential."

A hearing on the motion was held on July 2, 2019, and the matter was taken under advisement. After considering this motion and the parties' briefs, submissions, and arguments, and having reviewed the record proper, the Court, in its discretion, denies in part and grants in part Geographic Strategies's requested relief.

Rule 45 of the North Carolina Rules of Civil Procedure provides that "[w]hen a subpoena requires disclosure of a trade secret or other confidential research … a court may, to protect a person subject to or *affected by* the subpoena, quash or modify the subpoena, or when the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship, the court may order a person to make an appearance or produce the materials only on specified conditions stated in the order." N.C.G.S. § 1A-1, Rule 45(c)(7) (emphasis added). Geographic Strategies argues it has a right to protect its confidential and proprietary business information under Rule 45(c)(7) because it is "affected by" the subpoena issued to obtain the Hofeller files. The Court agrees and finds that Geographic Strategies has a colorable claim of ownership of work product and other privileged documents that are likely to be found in the Hofeller files.

2

The Court is aware that many of the documents contained in the Hofeller files are public and non-privileged. Its objective through this Order is not to shield public documents but rather to craft a solution that respects potentially legitimate property rights of Geographic Strategies in the subset of the Hofeller files that are demonstrably proprietary. To that effect, the Court is entering this Order as an interim measure to allow Geographic Strategies a reasonable time, under the cloak of a protective order, to inspect the entirety of the Hofeller files and assert specific claims of ownership or other rights to any of the contents thereof.

WHEREFORE, the Court, for the reasons stated herein and in the exercise of its discretion, hereby ORDERS as follows:

1. Plaintiffs must, within three (3) business days of the entry of this Order, provide to Geographic Strategies copies of the four (4) external hard drives and eighteen (18) thumb drives composing the Hofeller files, with the exception of the files and folders previously identified by Plaintiffs as containing Dr. Hofeller's private information, which were designated as "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" in the Court's May 1, 2019, order. Plaintiffs shall bear the cost of producing copies of the Hofeller files to Geographic Strategies.

2. For a period of sixty (60) days, namely from the date below through September 10, 2019, all Hofeller files are hereby designated "CONFIDENTIAL" in accordance with the parties' existing April 5, 2019, Consent Protective Order, and shall be protected against disclosure to

3

third parties. No party may disseminate any of the Hofeller files to third parties without further order by this Court.[1]

3. On or before August 30, 2019, Geographic Strategies shall provide to the Court and all parties an itemization of all files in which Geographic Strategies claims ownership or other claim of right and contends ought to continue to be treated as confidential. The itemization shall contain the name of the file, the nature of the file, and the basis for the claim of ownership or claim of right.

4. On or before September 6, 2019, any party objecting to the continued treatment as confidential of any file identified by Geographic Strategies shall submit to the Court and all parties its specific objections.

5. The Court, upon receipt and consideration of the foregoing, shall determine whether an ongoing protective order is warranted for files identified by Geographic Strategies.

6. Unless extended by the Court, the designation of "CONFIDENTIAL" shall expire at 11:59 p.m. on September 10, 2019.

---

[1] Among other requirements, the April 5, 2019, Consent Protective Order requires that "absent a specific order by the Court, once designated as "CONFIDENTIAL," such information shall be used by the Parties solely in connection with this litigation, and not for any political, business, commercial, competitive, personal, governmental, or other purpose or function whatsoever, and such information shall not be disclosed to anyone except as [otherwise permitted in the Consent Protective Order]." Although Geographic Strategies, in its motion, requests the designation of "Highly Confidential," that designation, as defined in the April 5, 2019 Consent Protective Order, is identical to the designation of "confidential," except it would permit review of the files only by Geographic Strategies' outside counsel and not, for example, the managing member of Geographic Strategies or IT specialists retained by the company. The Court finds that designating the files "confidential" more appropriately fulfils the objectives of this order.

4

7. The Court notes that Plaintiffs in this litigation have already designated files derived from the Hofeller files that they intend to introduce into evidence in the trial of this matter. Geographic Strategies, in open court, has specifically stipulated that as to those documents, it has no claim of ownership, privilege or proprietary interest, and has waived any claim as to those designated files. This order does not apply to those designated files.

8. The Court further notes that certain documents contained in the Hofeller files, namely those of a personal nature to Dr. Hofeller and his family, have previously been designated as "HIGHLY CONFIDENTIAL/ OUTSIDE ATTORNEYS' EYES ONLY." This order does not apply to those designated files.

9. This order is not intended to preclude or impair any other court of competent jurisdiction from exercising its discretion and compelling the inspection, production or dissemination of any of the Hofeller files in connection with any other matter.

The motion of Geographic Strategies is allowed to the extent set out above and denied in all other respects.

So ORDERED, this the 12th day of July, 2019.

_____
Paul C. Ridgeway, Superior Court Judge

**/s/ Joseph N. Crosswhite**
_____
Joseph N. Crosswhite, Superior Court Judge

**/s/ Alma L. Hinton**
_____
Alma L. Hinton, Superior Court Judge

**Certificate of Service**

The undersigned certifies that the foregoing was served upon all parties by electronic mail, addressed as follows:

Edwin M. Speas, Jr.
Caroline P. Mackie
**Poyner Spruill LLP**
espeas@poynerspruill.com
cmackie@poynerspruill.com
*Counsel for Common Cause,*
*The North Carolina Democratic Party*
*And the Individual Plaintiffs*

R. Stanton Jones
David P. Gersch
Elisabeth S. Theodore
Daniel F. Jacobson
**Arnold & Porter Kaye Scholer LLP**
Stanton.jones@arnoldporter.com
David.gersch@arnoldporter.com
Elisabeth.theodore@arnoldporter.com
Daniel.jacobson@arnoldporter.com
*Counsel for Common Cause*
*And for Individual Plaintiffs*

Mark E. Braden
Richard Raile
Trevor Stanley
Katherine McKnight
Elizabeth Scully
Erica Prouty
**Baker & Hostetler LLP**
rraile@bakerlaw.com
mbraden@bakerlaw.com
tstanley@bakerlaw.com
kmcknight@bakerlaw.com
EScully@bakerlaw.com
eprouty@bakerlaw.com
*Attorneys for Legislative Defendants*

Marc E. Elias
Aria C. Branch
Abha Khanna
**Perkins Coie LLP**
melias@perkinscoie.com
ABranch@perkinscoie.com
akhanna@perkinscoie.com
*Counsel for Common Cause*
*And the Individual Plaintiffs*

Phillip J. Strach
Michael McKnight
Alyssa Riggins
**Ogletree Deakins**
Phillip.strach@ogletree.com
Michael.mcknight@ogletree.com
Alyssa.riggins@ogletree.com
*Counsel for Legislative Defendants*

Stephanie A. Brennan
Amar Majmundar
Paul Cox
**NC Department of Justice**
sbrennan@ncdoj.gov
amajmundar@ncdoj.gov
pcox@ncdoj.gov
*Counsel for the State of North*
*Carolina and members of the State*
*Board of Elections*

1

| | |
|---|---|
| Katelyn Love<br>**NC State Board of Elections**<br>legal@ncsbe.gov<br>*Counsel for the State Board of Elections* | John E. Branch, III<br>Nathaniel J. Pencook<br>Andrew D. Brown<br>**Shanahan Law Group PLLC**<br>jbranch@shanahanlawgroup.com<br>npencook@shanahanlawgroup.com<br>abrown@shanahanlawgroup.com<br>*Attorneys for Defendant-Intervenors* |

This the 12th day of July, 2019.

*(signature)*

Kellie Z. Myers
Trial Court Administrator
10th Judicial District
kellie.z.myers@nccourts.org

2