# EXHIBIT 7

| | |
|---|---|
| STATE OF NORTH CAROLINA<br>COUNTY OF WAKE | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>Case No. 18 CVS 014001 |

COMMON CAUSE; *et al.*      )
                           )
   *Plaintiffs,*            )
                           )   **MOTION FOR THE COURT TO**
   v.                       )   **ISSUE DIRECTION TO PLAINTIFFS**
                           )   **REGARDING PRIVILEGED**
DAVID R. LEWIS, *et al.*    )   **DOCUMENTS WITHIN THEIR**
                           )   **POSESSION AND CONTROL**
   *Defendants.*            )
                           )
                           )

Legislative Defendants in this case, and Legislative Defendants in *Dickson v. Rucho,* 11-cvs-16896, 11-cvs-16940 (Wake County Sup. Ct.), *Covington v. North Carolina,* 1:16-cv-01026 (M.D.N.C.), *Harris v. McCrory,* 1:13-cv-00949 (M.D.N.C.), *United States v. North Carolina,* 1:13-cv-00658 (M.D.N.C), *NC NAACP v. McCrory,* (1:13-cv-00660), *League of Women Voters of North Carolina v. North Carolina,* (1:13-cv-008601) (consolidated M.D.N.C.), and *Common Cause v. Rucho,* 1:16-cv-01026 (M.D.N.C.) (collectively the "Legislative Defendants") hereby move under the North Carolina Rules of Civil Procedure, the North Carolina Rules of Evidence, and the North Carolina Rules of Professional Conduct, for the Court to direct the Plaintiffs in this action to destroy privileged files within their possession and control. In support of this motion, Legislative Defendants show the Court:

1. The issues arising out of Plaintiffs' receipt of files maintained by the late Dr. Thomas Hofeller have been extensively briefed in this case. In order to preserve the Court's time and resources, Legislative Defendants intend to rely on the facts and arguments contained in Legislative Defendants' Response to Plaintiffs' Motion for Direction and Legislative Defendants' Motion to Exclude Files and Materials Produced by Stephanie Lizon, submitted to this Court on

1

June 17 and June 21; Legislative Defendants hereby incorporate those filings by reference. Legislative Defendants further acknowledge that this Court has already ruled on the admissibility of documents contained on Dr. Hofeller's drives pertaining to the 2017 North Carolina House and Senate Plans. As such, this motion only addresses other privileged documents within Plaintiffs' possession.

2.  Dr. Hofeller was retained by either Legislative Defendants, or their counsel, to work as a consultant or expert witness not only in the above mentioned cases, but to consult on matters in anticipation of litigation over redistricting.

3.  In October 2018, after learning of her father's passing from a news article, Ms. Lizon visited her mother in her home in Raleigh. (Lizon Dep. 169:3-10; 22:4-7; 23:10-24:11; 52:6-10). While visiting her mother, Ms. Lizon discovered some external hard drives and thumb drives containing her father's work. Despite knowing that work pertinent to her father's work in legal matters, and work for Geographic Strategies was on the drives, Ms. Lizon turned over the drives in their entirety to Plaintiffs in this case. (*Id.* at 54:23-55:18; 30:18-2; 14:18-15:24). Ms. Lizon did so, in part, because Plaintiffs' lawyers told her that "only files that were explicitly, obviously North Carolina redistricting during this period of time related would even be looked at, much less entered into evidence." (*Id.* at 129:7-10). Ms. Lizon did not notify any of Dr. Hofeller's clients prior to turning over these drives to Plaintiffs. (*Id.* at 75:3-76:7). As such, no privilege review of the documents was conducted before production. (*Id.* at 64:9-65:3).

4.  Months later, the other parties in this case finally received forensic copies of the documents produced to Plaintiffs by Ms. Lizon. Soon thereafter, Legislative Defendants asked, among other things, that Plaintiffs treat the documents as Highly Confidential under the protective order, and ultimately destroy the documents. Plaintiffs refused.

5. On June 15, 2019, Geographic Strategies, LLC moved for leave to request an order of protection under Rule 45 and for the ability to review the files for documents that were property of Geographic Strategies.

6. On July 12, 2019, the Court granted Geographic Strategies' Motion, compelling Plaintiffs' to provide Geographic Strategies access to the Hofeller files. The Court further designated all Hofeller files Confidential under the protective order until September 10, 2019, and allowed Geographic Strategies until August 30, 2019 to provide the Court and all parties a list of files of which Geographic Strategies claims ownership, or which Geographic Strategies believes should be treated as Confidential. While the order does not specifically apply to other parties, out of an abundance of caution, Legislative Defendants hereby file their own list of documents which are privileged or constitute work product. Legislative Defendants respectfully ask this Court to consider this matter alongside Geographic Strategies' request for protection.

7. As required by the Court's July 12 Order, attached as Exhibit A is an itemization of all files Legislative Defendants believe are protected by the Work Product Privilege. Each of these documents is identified by name and by MD5 Hash identifiers, which Plaintiffs' forensic vendors will be able to utilize to identify not just each document, but each copy of said privileged document. Attached as Exhibit B is an itemization of all communications and corresponding attachments to those communications that Legislative Defendants' believe are protected by the Attorney Client or Work Product Privileges. Each of these communications and documents is identified, not only by traditional methods, but also by MD5 Hash identifiers.

8. The documents in Exhibits A and B are protected from disclosure by the attorney-client privilege or work product doctrine. *Crossum v. Trustees of Fayetteville Technical Community College*, 2019 WL 3558764 (N.C. Ct. App. August 6, 2019) (applying attorney client

privilege and work product immunity to "Electronically Stored Information" or "ESI"). And, to the extent that these documents constitute communications between Legislative Defendants' expert and counsel, they are also protected from disclosure by Rule 26(a)(4)(e), N.C. R. Civ. P. Moreover, under the Rules of Professional Conduct, Plaintiffs' counsel are obligated to bring the disclosure of privileged information to the attention of the Legislative Defendants and then follow the directions of the Legislative Defendants concerning the disposition of this information. See RPC 252.

## CONCLUSION

For the foregoing reasons, Legislative Defendants respectfully request that the Court enter an Order compelling Plaintiffs to destroy all of the files identified by the MD5 Hash identifiers in Exhibits A and B.

This the 30th day of August, 2019.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456
Thomas A. Farr
N.C. State Bar No. 10871
Michael McKnight
N.C. State Bar No. 36932
phil.strach@ogletreedeakins.com
tom.farr@ogletreedeakins.com
michael.mcknight@ogletreedeakins.com
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: (919) 787-9700
Facsimile: (919) 783-9412
*Counsel for the Legislative Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing in the above titled action upon all other parties to this cause by:

[ ]  Hand delivering a copy hereof to each said party or to the attorney thereof;

[ ]  Transmitting a copy hereof to each said party via facsimile transmittal;

[X]  By email transmittal;

[ ]  Depositing a copy here of, first class postage pre-paid in the United States mail, properly addressed to:

| | |
|---|---|
| Edwin M. Speas, Jr.<br>Caroline P. Mackie<br>P.O. Box 1801<br>Raleigh, NC 27602-1801<br>(919) 783-6400<br>espeas@poynerspruill.com<br><br>*Counsel for Common Cause, the North Carolina Democratic Party, and the Individual Plaintiffs*<br><br>John E. Branch, III<br>128 E. Hargett St, Suite 300<br>Raleigh, NC 27601<br>(919)856-9494<br>jbranch@shanahanlawgroup.com<br>*Counsel for the Intervenor-Defendants*<br><br>Robert Neal Hunter, Jr.<br>HIGGINS BENJAMIN, PLLC<br>101 W. Friendly Ave., Suite 500<br>Greensboro, NC 27401<br>(336)273-1600<br>rnhunterjr@greensborolaw.com<br>*Counsel for Geographic Strategies, LLC* | R. Stanton Jones<br>David P. Gersch<br>Elisabeth S. Theodore<br>Daniel F. Jacobson<br>601 Massachusetts Ave. NW<br>Washington, DC 20001-3761<br>(202) 942-5000<br>Stanton.jones@arnoldporter.com<br><br>Marc E. Elias<br>Aria C. Branch<br>700 13th Street NW<br>Washington, DC 20005-3960<br>(202) 654-6200<br>melias@perkinscoie.com<br><br>Abha Khanna<br>1201 Third Avenue<br>Suite 4900<br>Seattle, WA 98101-3099<br>(206) 359-8000<br>akhanna@perkinscoie.com<br><br>*Counsel for Common Cause and the Individual Plaintiffs* |

This the 30th day of August, 2019.

By: _____
Phillip J. Strach