IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| LA UNIÓN PUEBLO ENTERO, *et al.*, | * |
| Plaintiffs, | * |
| v. | Case No.: GJH-19-2710 |
| | * |
| WILBUR L. ROSS, *et al.*, | |
| | * |
| Defendants. | |
| | * |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiffs La Unión del Public Entero ("LUPE"), Promise Arizona, Lydia Camarillo, Juanita Valdez-Cox, Rogene Gee Calvert, Zeenat Nisha Hasan, and Candy L. Gutierrez (collectively "Plaintiffs") brought this action alleging four violations of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, a Fifth Amendment Equal Protection violation, and a conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985 against Defendants Wilbur L. Ross, United States Secretary of Commerce; Steven Dillingham, Director of the United States Census Bureau; the United States Department of Commerce; and the United States Census Bureau (collectively "Defendants"). ECF No. 41. The action stems from the issuance of Executive Order 13800 regarding the collection and distribution of citizenship data. *Id.* Pending before the Court is Defendants' Motion to Un-Relate and Reassign this Case. ECF No. 44. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Un-Relate and Reassign this Case is granted.

1

## I. BACKGROUND

In March 2018, Secretary Ross issued a memorandum directing the Census Bureau to include a citizenship question on the 2020 Census. *See Kravitz v. U.S. Dep't of Commerce*, 366 F. Supp. 3d 681, 693 (D. Md. 2019). "He asserted that the decision was prompted by a December 12, 2017 letter from [the Department of Justice (DOJ)], requesting the addition of a citizenship question to facilitate enforcement of Section 2 of the Voting Rights Act (VRA)." *Id.* Specifically, Secretary Ross explained that "DOJ needed to obtain [citizen voting age population (CVAP)] block level data from Decennial Census data because 'current data collected under the [American Community Survey (ACS)] are insufficient in scope, detail, and certainty to meet its purpose.'" *Id.* A number of individuals and organizations, including Plaintiff LUPE, filed suit in this Court challenging Secretary Ross' decision to add the citizenship question. *Id.* at 691. They alleged that the decision violated the APA and the Constitution, and that it was part of a conspiracy to violate the plaintiffs' civil rights in violation of 42 U.S.C. § 1985. *Id.* The case was randomly assigned to the undersigned judge.

The Court eventually granted the plaintiffs' requested relief and enjoined Defendants from including a citizenship question on the 2020 Census. It found that "the decision to add a citizenship question to the 2020 Census was arbitrary and capricious in violation of the APA," and that "the Secretary's articulated reason for adding a citizenship question to the 2020 Census—responding to DOJ's request—was not his real reason." *Id.* at 749–50. The Court also found that the Secretary's decision violated "the Constitution by unreasonably compromising the distributive accuracy of the Census contrary to the Enumeration Clause's mandate." *Id.* at 691. The Court rejected the plaintiffs' Equal Protection-based claims, concluding that the plaintiffs "did not meet their burden to prove Defendants' actions violate the Due Process Clause or

amount to conspiracy to violate civil rights because [p]laintiffs failed to show that the addition of the citizenship question was motivated by invidious racial discrimination." *Id.* However, newly discovered evidence led the Court to issue an Order indicating its willingness to reconsider that conclusion and the Fourth Circuit remanded the case for that purpose. *See La Union Del Pueblo Entero v. Ross*, 771 F. App'x 323 (4th Cir. 2019).

Meanwhile, parallel cases arising from other jurisdictions reached the Supreme Court. *See Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019). The Supreme Court vacated the Secretary's decision under the APA, concluding that there was a "significant mismatch between the decision the Secretary made and the rationale he provided." *Id.* at 2575. The Supreme Court also found, however, that "[t]he Enumeration Clause of the Constitution d[id] not provide a basis to set aside the Secretary's decision," and that the Secretary's decision was not arbitrary or capricious because he "considered the relevant factors, weighed risks and benefits, and articulated a satisfactory explanation for his decision." *Id.* at 2566, 2570.

Shortly after the Supreme Court issued its decision, President Trump announced that the administration would no longer seek to place a citizenship question on the 2020 Census and instead issued Executive Order 13880, Collecting Information about Citizenship Status in Connection with the Decennial Census, which directs: (1) Secretary Ross to instruct the Census Bureau to create an inter-agency working group to collect citizenship data in connection with the 2020 decennial census for redistricting; (2) the Department of Commerce to "strengthen its efforts, consistent with law, to obtain State administrative records concerning citizenship"; and (3) all federal agencies to provide citizenship data via administrative records to the Census Bureau. ECF No. 41 ¶ 1. On July 12, 2019, the Census Bureau published a notice dated July 3,

2019 stating that Secretary Ross had directed the Census Bureau to collect and produce CVAP information prior to April 1, 2021 that states may use in redistricting. *Id.*

On September 13, 2019, Plaintiffs filed a Complaint in this Court challenging Executive Order 13880 and Secretary Ross' directive. ECF No. 1. They amended their Complaint on October 9, 2019. ECF No. 41. They allege that Secretary Ross' directive has no adequate rationale, is contrary to law, and was made in excess of legal authority and without following proper procedure in violation of the APA, violates the Equal Protection Clause of the Fifth Amendment, and is part of a conspiracy to violate civil rights under 42 U.S.C. § 1985. ECF No. 41. On the Civil Cover Sheet, Plaintiffs indicated that this case is related to *Kravitz v. U.S. Dep't of Commerce*, Case No. GJH–18–1570 (D. Md.), the citizenship question case previously litigated in this Court, and, as a result, the Clerk specially assigned this case to the undersigned judge. *See* ECF No. 1.

On October 11, 2019, Defendants filed a Motion to Un-Relate and Reassign this Case. ECF No. 43.[1] Defendants object to Plaintiffs' designation of this case as related to *Kravitz* and request that the Court allow the case to be randomly assigned. ECF No. 44. Plaintiffs filed an opposition to Defendants' Motion on October 25, 2019. ECF No. 47.

## II. DISCUSSION

The "general rule" is that all new cases "are randomly assigned in order to ensure greater public confidence in the integrity of the judicial process, guarantee fair and equal distribution of cases to all judges, avoid public perception or appearance of favoritism in assignments, and reduce opportunities for judge-shopping." *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116,

---

[1] Defendants filed a Corrected Motion to Un-Relate and Reassign this Case later that same day. ECF No. 44.

4

118 (D.D.C. 2019). Related cases are the exception to this general rule. *Id.* Local Rule 103.1(b) provides:

> If counsel for a plaintiff in a civil action believes that the action being filed and one (1) or more other civil actions or proceedings previously decided or pending in this Court (1) arise from the same or identical transactions, happenings, or events; (2) involve the identical parties or property; (3) involve the same patent or trademark; or (4) for any other reason would entail substantial duplication of labor if heard by different judges, counsel shall indicate that fact by designating the case as a 'related case' on the civil cover sheet.

"In determining whether cases are related, the paramount consideration is whether assigning them to the same district judge will further the efficient administration of justice." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 396 (E.D. Wisc. 2008). "The party requesting the related-case designation bears the burden of showing that the cases are related." *McGahn*, 391 F. Supp. 3d at 119 (citations omitted) (applying the local rules of the United States District Court for the District of Columbia).

The Court concludes that this case is not related to *Kravitz*. First, these cases do not "arise from the same or identical transactions, happenings, or events." *Kravitz* was based on Secretary Ross' decision to include a citizenship question on the 2020 Census, *see* 366 F. Supp. 3d at 691, while this case is based on the President and Secretary Ross' decision to gather citizenship information from administrative records and distribute that data to states for redistricting purposes. Thus, the Court would not be required to examine "the same or identical transactions, happenings, or events" in resolving this case. *Compare Singh v. McConville*, 187 F. Supp. 3d 152, 156–57 (D.D.C. 2016) (finding that cases arose out of a common event or transaction where plaintiffs challenged the same Department of Defense and Army regulations and policies governing requests for religious accommodations), *with Sellers v. Philadelphia Police Comm'r*

*Timoney*, Case Nos. Civ.A. 01-3760, Civ.A. 01-3804, Civ.A. 01-3888, 2002 WL 32348499, *2–3 (E.D. Pa. Feb. 7, 2002) (finding that cases based on arrests at the Republican National Convention were not related where multiple arrests occurred during a warehouse raid and an unrelated arrest occurred two days later at a different time and place and under different circumstances). This case also cannot be said to "involve the identical parties or property" as *Kravitz* because, even though some Plaintiffs and Defendants are the same, there is not complete overlap between the parties. Finally, there will be no "substantial duplication of labor" if a different judge hears this case. Although Plaintiffs contend that the predicate events for these two cases are part of a larger conspiracy, this requires the Court to view the cases at a high level of generality. In actuality, this case would require the Court to evaluate a different administrative record, resolve different factual questions regarding the intent behind Executive Order 13880 and Secretary Ross' directive, and eventually, if Plaintiffs succeed, order different relief. These tasks would not *substantially* duplicate any efforts from *Kravitz*. *See Singh*, 187 F. Supp. 3d at 157 (finding cases were related where plaintiffs sought "the same relief"); *Kimbell*, 250 F.R.D. at 396 (finding cases based on two separate projects were related where "the administrative records of the projects substantially overlap"); *Assiniboine and Sioux Tribe of Fort Peck Indian Reservation v. Norton*, 211 F. Supp. 2d 157, 158 (D.D.C. 2002) (finding cases were related because they were

"replete with common issues of fact"). Thus, this case is unrelated to *Kravitz* and should be randomly assigned.[2]

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Un-Relate and Reassign this Case is granted. A separate Order shall issue.

Date: <u>November   13, 2019</u>                                    /s/
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge

---

[2] Also pending is Plaintiffs' Motion for Leave to Conduct Expedited Discovery. ECF No. 40. Plaintiffs request leave to serve a subpoena on a third-party records custodian to prevent destruction of evidence that they claim is relevant to their claims. *Id.* Defendants have indicated that they take no position on Plaintiffs' request to serve the subpoena. ECF No. 45. Because the Court has determined that this case should not have automatically been assigned to the undersigned judge, it is not appropriate for the undersigned judge to rule on Plaintiffs' Motion at this time; that Motion should be decided by the judge to whom this case is reassigned. The Court will note that the issue of whether the requested documents are protected (and therefore whether they will likely be destroyed) is currently being litigated in a North Carolina state court. *See Common Cause v. Lewis*, Case No. 19 CVS 014001 (N.C. Super.). The North Carolina court has set a briefing schedule that will end on December 18, 2019. *See* ECF No. 48 at 2. There is no danger of the documents being destroyed until that date, so there is sufficient time for this case to be reassigned and for the new judge to consider Plaintiffs' Motion.