IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | No. 8:19-cv-02710-PX-PAH-ELH |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFFS' SECOND NOTICE OF INTERVENING DEVELOPMENTS**

In a last-ditch effort to salvage their preliminary-injunction motion, Plaintiffs submit various Census Bureau documents from April and July 2020, which express apprehension about meeting 13 U.S.C. § 141(b)'s statutory deadline. Notice at 1, ECF No. 120. But it is entirely unremarkable that Census Bureau employees—who are conducting a long-planned, 15.6-billion-dollar national headcount with more than 230,000 employees amidst a global pandemic and natural disasters—desired an extension of the statutory deadline. And like the comments of Census Bureau personnel that Plaintiffs previously cited, *see* Pls.' Mot. at 7–8, ECF No. 112, Plaintiffs' attached documents reflect agency discussions *before* it "became apparent that Congress was not likely to grant the requested statutory relief." Fontenot Decl. ¶ 87, ECF No. 117-1.

That's why nearly all of Plaintiffs' attached documents relate to the possibility of that statutory relief, including:

1

- An "Elevator Speech" explaining that "[t]he Census Bureau needs the full 120 days that the Administration originally requested from Congress to have the best chance to produce high quality, usable census results in this difficult time," Ex. A at 008021, ECF No. 120-1;

- A slide deck used to prepare Census Bureau Director Steven Dillingham for testimony before Congress, Ex. B, ECF No. 120-2;

- A draft explaining why the Census Bureau was "asking Congress to provide statutory relief to accommodate the schedule adjustments" of the COVID-19 Plan, Ex. C at 0007089, ECF No. 120-3;

- An email from Mr. Fontenot noting that "it is critical to lay the groundwork for the reality of the COVID [i]mpacts and challenges" with superiors at the Department of Commerce, Ex. D at 0007739, ECF No. 120-4;

- "Talking Points" observing that the "Census Bureau will need an extension of the [statutory] deadline" from Congress, and noting that the Department of Justice found no "constitutional issue with" Congress extending the deadline by statute, Ex. E at 0001688, 0001692, ECF No. 120-5;

- An Inspector General report saying that "[m]ultiple Bureau officials confirmed that the feasibility of extending the data collection phase to October 31, 2020, was dependent on receiving statutory relief from the apportionment deadline," Ex. G at 5, ECF No. 120-7.

More importantly, Plaintiffs' attached documents discuss the status of census operations *before* the Census Bureau did the hard work of determining the necessary steps to meet the current statutory deadline, culminating in the August 3 Replan. *See* Fontenot Decl. ¶ 87. True, the Replan is not without risks. *See id.* ¶¶ 82, 96, 107. But the only *post-Replan* Census Bureau statements in the record are those by Associate Director Fontenot—head of 2020 Census operations—explaining that the Census Bureau "evaluated the risks and quality implications of each suggested time-saving measure and selected those that [it] believed presented the best combination of changes to allow [it] to meet the statutory deadline without compromising quality to an undue degree." *Id.* ¶ 88;

2

*see id.* ¶¶ 88–97 (extensively detailing the Census Bureau's Replan efforts). Despite retaining several former Census Bureau officials as experts, Plaintiffs have submitted no evidence rebutting Mr. Fontenot's detailed declaration, relying instead on pre-Replan statements and documents during a time when legislative relief from the statutory deadline was realistic. *Id.* ¶ 87. It should "raise[] judicial eyebrows" that Plaintiffs now seek a court order overriding a statutory deadline that Congress itself has so far been unwilling to extend.[1] *Franklin v. Massachusetts*, 505 U.S. 788, 802 (1992). And much more is needed to overcome the "substantial deference" owed to Congress and the Secretary if Plaintiffs want to prevail before this Court and become the first plaintiffs in American history to have an Enumeration Clause violation upheld on appeal. *See* Defs.' Opp'n at 24–35, 29–30.

Late last night, Judge Koh in the Northern District of California entered an order preliminarily enjoining "[t]he U.S. Census Bureau's August 3, 2020 Replan's September 30, 2020 deadline for the completion of data collection and December 31, 2020 deadline for reporting the tabulation of the total population to the President." *National Urban League v. Ross*, No. 20-cv-0577, ECF No. 208 at 78 (N.D. Cal. Sept. 24, 2020). But that decision was wrongly decided on both jurisdictional and merits grounds, and the government has already filed a notice of appeal and a motion for stay pending appeal. *Id.* ECF Nos. 210–11 (N.D. Cal. Sept. 25, 2020). In any event, Judge Koh's ruling is largely irrelevant because it was based exclusively on the Administrative Procedure Act. *See id.* ECF No. 208 at 44 ("[T]he Court need not reach Plaintiffs' Enumeration Clause claim."). In fact, Judge Koh specifically disregarded a declaration by Mr. Fontenot there because it was supposedly "insufficient to serve as a basis for APA review of whether the agency

---

[1] *See* Defs.' Opp'n at 14–15 (explaining that, in the only two instances where district courts ordered the Census Bureau to disregard § 141(b)'s statutory deadline, the Supreme Court swiftly stayed those decisions before they were later reversed on appeal).

action was arbitrary and capricious." *Id.* at 46. Plaintiffs do not raise an APA claim in their preliminary-injunction motion, and Judge Koh's opinion therefore says nothing about the constitutional question presented here: whether Defendants somehow exceeded their "broad discretion" over the census by carefully crafting census operations, amidst challenging circumstances, to meet a statutory deadline enacted under Congress's "virtually unlimited discretion" to regulate the decennial census. *See Wisconsin v. City of New York*, 517 U.S. 1, 19 (1996). So even if the Court bypasses Defendants' jurisdictional arguments, it should reject Plaintiffs' motion for the reasons discussed in Defendants' brief, ECF No. 117, and at oral argument.

DATED: September 25, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

DIANE KELLEHER
Assistant Director, Federal Programs Branch

*/s/ Stephen Ehrlich*
STEPHEN EHRLICH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Counsel for Defendants*