

**U.S. Department of Justice**
*Civil Division*
*Federal Programs Branch*

October 7, 2020

**Via CM/ECF**
The Honorable Pamela A. Harris
  U.S. Circuit Judge
The Honorable Ellen L. Hollander
  U.S. District Judge
The Honorable Paula Xinis
  U.S. District Judge

Re:   *La Unión Del Pueblo Entero, et al. v. Trump, et al.*, No. 8:19-cv-2710 (D. Md.)

Dear Judges Harris, Hollander, and Xinis:

Defendants write to update this Court on the status of census operations and emergency appeals. *See* Ltr. at 2, ECF No. 126. As to census operations, the Census Bureau has enumerated 99.7% of the nation's housing units as of October 6, 2020, with 46 states, Puerto Rico, and the District of Columbia over 99%. Of the four remaining states, three are over 98.5%, and one is at 97.9%. "This is above the completion rate required for a complete and accurate enumeration by any standard."[1] Fontenot Decl. ¶ 11, ECF No. 126-1. As Associate Director Fontenot explained, the 2010 Census had an enumeration

---

[1] Plaintiffs incorrectly claim that "completion rate," as used by the Census Bureau, "refers only to whether the Bureau reported that a particular housing unit exists, is vacant, or is occupied." Pls.' Ltr. at 3–4, ECF No. 127. But as Associate Director Fontenot explained in his first declaration, "[b]y 'completion rate' or 'completed' we are referring to the percent of housing units . . . that we have resolved as occupied *with an interview* (either resident or proxy), *or* confirmed as a vacant unit or deleted (as not a housing unit)." Fontenot Decl. ¶ 109 (emphasis added), ECF No. 117-1; *id.* ¶¶ 49–62 (explaining how a housing unit is "completed" or "resolved" in Nonresponse Followup, including with "the full battery of in-person contact attempts to determine the status of the nonresponding address (vacant, occupied, does not exist) and to collect 2020 Census response data"—*i.e.*, to enumerate the number of people residing at that housing unit. The Frequently Asked Questions section of the Census Bureau website also explicitly states that the completion percentage is "the percentage *enumerated* either through self-response or as part of our field data collection operations." Enumeration of a housing unit is not "completed" or "resolved" simply by establishing whether the housing unit is occupied.

rate of 99.6% while the 2000 Census had an enumeration rate of 99.45%. Fontenot Decl. ¶ 10, ECF No. 126-1. In the 2000 Census, 45 States reached a 99% enumeration rate. *Id.*

As for emergency appeals, the Ninth Circuit just recently denied Defendants' motion to stay the Northern District of California's injunction (on Administrative Procedure Act grounds) as it relates to ending data-collection operations on October 31, but the Ninth Circuit granted Defendants' motion to stay the lower court's injunction of the December 31 statutory deadline. Ex. A (*Nat'l Urban League v. Ross*, No. 20-16868 (9th Cir. Oct. 7, 2020). In so deciding, the Ninth Circuit concluded that "[s]erious separation of powers concerns arise when a court seeks to override a congressional directive to an Executive Branch agency." *Id.* at 20–21 (citing *Wisconsin v. City of New York*, 517 U.S. 1, 17 (1996)). "There is therefore a strong argument for judicial restraint while the ability to meet or extend the deadline, and any resulting injury, is still speculative." *Id.*

Defendants disagree with the Ninth Circuit's decision insofar as it allowed the district court's injunction of the October 31 date to stand. Defendants will apprise the Court as further updates become available, including any further appellate developments. In the meantime, data collection operations will continue through October 31, 2020, as explained in Defendants' prior letter and as requested by Plaintiffs. *Compare* Defs.' Ltr. at 1–3, ECF No. 126 *with* Pls.' Mot. at 1, ECF No. 112 (Plaintiffs . . . move the Court to issue a temporary restraining order and/or preliminary injunction . . . to enjoin Defendants from halting the 2020 decennial Census self-response and field data collection operations prior to October 31, 2020 . . . .").

DATED: October 7, 2020                    Respectfully submitted,

                                                          JEFFREY BOSSERT CLARK  
                                                          Acting Assistant Attorney General

                                                          DIANE KELLEHER  
                                                          Assistant Director, Federal Programs Branch

                                                          */s/ Stephen Ehrlich*  
                                                          STEPHEN EHRLICH  
                                                          Trial Attorney  
                                                          U.S. Department of Justice  
                                                          Civil Division, Federal Programs Branch  
                                                          1100 L Street, N.W.  
                                                          Washington, DC  20005  
                                                          Tel.:  (202) 305-9803  
                                                          Email: stephen.ehrlich@usdoj.gov

                                                          *Counsel for Defendants*