

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
Paula Xinis
UNITED STATES DISTRICT JUDGE

6500 Cherrywood Lane
Greenbelt, MD 20770
(301) 344-0653

October 14, 2020

## **LETTER ORDER**

Re:   19-cv-02710-PX-PAH-ELH, *La Union Del Pueblo Entero, et al. v. Trump, et al.*

On September 1, 2020, the Plaintiffs moved for a preliminary injunction against the Census Bureau's revised "Replan" for the 2020 Census, under which field operations would end on September 30, 2020, and a final count would be reported to the President by the statutory deadline of December 31, 2020.  The Plaintiffs' primary concern was that ceasing field operations on September 30th would lead to a severe undercount of certain hard-to-count communities, and so they asked that we order the Bureau to continue its counting operations until October 31st.  And to ensure that there would remain sufficient time to conduct post-processing quality controls, they asked us to prohibit the Bureau from reporting the final census count to the President until April 30, 2021.

On September 24, 2020, in parallel litigation in the Northern District of California, the district court preliminarily enjoined the Replan's deadlines and ordered the Census Bureau to continue its field operations.  *Nat'l Urban League v. Ross*, No. 20-CV-5799-LHK, 2020 WL 5739144 (N.D. Cal. Sept. 24, 2020).  As a result of that injunction, the Bureau maintained its field operations until October 13, 2020, when the United States Supreme Court granted the Government's motion to stay the injunction.  *See Ross v. Nat'l Urban League*, --- S.Ct. ---, 2020 WL 6041178 (Oct. 13, 2020).  The Census Bureau now has announced that it will end field operations on October 15, 2020.  *See* https://www.census.gov/newsroom/press-releases/2020/2020-census-data-collection-ending.html.

According to the Government, as of October 12, 2020, the Bureau had enumerated 99.9% of the nation's housing units, and "only three States—South Dakota, Mississippi, and Louisiana, where none of Plaintiffs reside—are below 99.9%, and only Louisiana is below 99%."  ECF No. 131.  That means, the Government says, that the Bureau's current enumeration figures exceed those achieved in the prior two decennial censuses.  *See* ECF No. 126-1 (Fontenot Decl. ¶¶ 10–11) (2010 Census completion rate of 99.6% and 2000 Census completion rate of 99.45%).

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

**Visit the U.S. District Court's Website at www.mdd.uscourts.gov**

Accordingly, much has changed since the Plaintiffs originally moved to enjoin the "Replan." The Plaintiffs' initial arguments focused on the risks of severe undercounts inherent in ending field operations by September 30th. But September 30th has come and gone. The Bureau has continued to conduct field operations and has, as a result, achieved what the Government tells us is a 99.9% nationwide enumeration. This development was not contemplated or accounted for in the Plaintiffs' original motion.

Relatedly, the Bureau can now begin post-processing only on October 15, two weeks *after* the original Replan date of October 1, 2020. But the Replan made clear – and the Government has maintained – that *all* of the time between October 1st and December 31st would be required to to conduct the post-procesing steps necessary to ensure an accurate final enumeration. *See* ECF No. 117-1. Secretary Ross has yet to announce a new plan for completing the count, and as of now, we do not know whether the Bureau can or will attempt to complete post-processing, a phase once scheduled to take nearly *five months*, *id.* ¶ 75, in the 77 days that remain before December 31st.

This Court can say with confidence, however, that whatever plan the Secretary adopts in light of the Supreme Court's decision in *National Urban League*, it will not be the same as the Replan that the Plaintiffs originally challenged and sought to enjoin. The counting-period deadline that primarily concerned the Plaintiffs has been extended already (though not by the full month they requested), the Census Bureau has used that time to increase its enumeration figures, and the Replan's schedule for completing post-processing in the time between October 1st and December 31st must now be modified to account for the fact that post-processing will start only on October 15. Because the Replan is effectively void and no longer before us, we cannot enjoin its operation and should not opine on its constitutionality. *See, e.g., Los Angeles Cty. v. Davis*, 440 U.S. 625, 633-34 (1974) (dismissing challenge to unimplemented hiring plan as moot). We therefore dismiss the current motion as moot.

That said, the Plaintiffs are free to renew their motion for injunctive relief based on any new announced plan. Should Plaintiffs so choose, we urge them to address the question of standing in light of the Bureau's final enumeration figures, to be published at the conclusion of field operations on October 15.

Despite the informal nature of this correspondence, it constitutes an ORDER of the Court and shall be docketed as such.

Sincerely,

_____/S/_____
Pamela A. Harris
United States Circuit Judge

_____/S/_____
Ellen L. Hollander
United States District Judge

_____/S/_____
Paula Xinis
United States District Judge